UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT S. BARNHART, II,          :   CIVIL NO. **1:06-CV-1404**
                                 :
          Petitioner             :   (Judge Conner)
                                 :
     v.                          :   (Magistrate Judge Smyser)
                                 :
                                 :
JAMES L. GRACE, ET AL.,          :
                                 :
          Respondents            :

### REPORT AND RECOMMENDATION

This is a 28 U.S.C. § 2254 petition brought by
Commonwealth of Pennsylvania prisoner Robert S. Barnhart,
II, who asserts that he has wrongfully been denied release
from confinement on parole.

Mr. Barnhart candidly acknowledges that he has not
exhausted state remedies as to his claim that his
application for parole has been denied in violation of his
right to be free from the *ex post facto* application of a
law enacted after his conviction.  He also makes a claim
that the denial of parole was retaliatory, and he also has
not exhausted that claim.  Exhaustion is required under 28
U.S.C. § 2254(c).  *See Parker v. Kelchner*, 429 F.3d 58 (3d
Cir. 2005)(Exhaustion is required even where it would be
likely to be futile to present the claim to the
Pennsylvania Supreme Court.)  Barnhart has a state habeas
corpus petition pending in state court raising this claim
and, since a claim in federal court must first have been
exhausted in state court, he asks this court to stay the

adjudication of this 28 U.S.C. § 2254 petition until state judicial exhaustion is completed through the decision of his state petition by the Pennsylvania Supreme Court.

The respondents have not addressed the issue of exhaustion. They have argued in their Answer (Doc. 18) that the petition should be denied on the merits.

Pursuant to 28 U.S.C. § 2254(b)(2), an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.

The petitioner's case is materially not distinguishable from the petitioner's case in *Richardson v. Pennsylvania Board of Probation and Parole*, 432 F.3d 282 (3d Cir. 2005). Therefore, the *ex post facto* claim should be addressed presently and denied on the merits. The petitioner's motion for a stay (Doc. 4) should be denied. The petitioner's motion for an evidentiary hearing (Doc. 5) should be denied. The retaliation claim should be dismissed for lack of exhaustion.

The petitioner's claim that parole was wrongfully denied to him, in violation of his constitutional rights, is based upon a contention that the Parole Board's

2

decision was made in violation of the *Ex Post Facto* clause
of the United States Constitution.

The petitioner was convicted in the Court of Common
Pleas of Dauphin County and was sentenced on February 15,
1980 to terms of ten to twenty years and three to ten
years, to run consecutively, for rape and aggravated
assault.  He had previously been convicted, in 1970, of a
number of offenses, had been sentenced to a maximum
sentence of fifteen years, and had been paroled.  (Doc. 19
at ¶28).  Upon the conviction in  1980 of new criminal
conduct, the Board of Probation and Parole recommitted him
as a parole violator on his 1970 sentence.  *Id.* at ¶29.
He was reparoled as to his 1970 sentence on August 8,
1984, to begin to serve his 1980 Dauphin County sentence.
*Id.* at ¶30.  On December 30, 1996, June 17, 1998, November
8, 1999, April 20, 2001 and April 24, 2002, parole
applications that he made were denied.  Parole was again
denied on August 1, 2005.  On this last denial, the Board
set a review date more than seven years later, in December
of 2012.

The petitioner asserts that the Board's action in
setting a review date over seven years in the future was
retaliatory against him for having brought an earlier
petition for Commonwealth Court review of an earlier
parole denial.  He also asserts that he has been denied

parole as the result of an *ex post facto* application of a
law passed after his crimes were committed.

The *ex post facto* issue(s) that are centered upon the
1996 amendment to 61 P.S. § 331.1 have been extensively
discussed in various federal and state decisions.  This
Report and Recommendation will not repeat the discussions
and the considerations.  The jurisprudence has arrived for
all significant applicable purposes at the set of
determinations and applications stated by the Court in
*Richardson*:  The 1996 Amendments to the Parole Act which
made public safety the primary consideration constituted a
change in Pennsylvania public policy as to parole as a
general matter and, when applied to a particular person in
a manner that disadvantages that person, gives rise to an
*ex post facto* violation.  432 F.3d at 291.  An offender
convicted before 1996 challenging as an *ex post facto*
violation an action of the Parole Board on the basis that
it relies upon public safety considerations more than a
pre-1996 decision would have relied upon such
considerations must demonstrate that the amendments played
a role in the action.  *Id.* at 291-293.

> [I]t is not sufficient for a prisoner to
> show that the Board relied on a new law
> or policy.  Rather, he must also adduce
> some evidence that this new law or
> policy disadvantaged him by creating "a
> significant risk of increasing his
> punishment." *Garner*, 529 U.S. at 255,
> 120 S.Ct. 1362.  We acknowledge the
> intuitive force of the argument that

4

                    adjudication under stricter standards is
                    more likely to lead to an adverse
                    result.  And we recognize that it may be
                    difficult for a prisoner to adduce
                    evidence of disadvantage, particularly
                    since, prior to 2001, the Parole Board
                    did not need to give a detailed
                    statement of reasons for denial of
                    parole.  But the evidentiary requirement
                    of the jurisprudence must be honored.
                    For example, a petitioner might compare
                    the parole rates for prisoners with
                    similar convictions before and after the
                    1996 Amendments, state whether the
                    Parole Guidelines would indicate that
                    the petitioner was a good parole
                    candidate, or draw inferences from the
                    statement of reasons provided by the
                    Parole Board regarding the criteria used
                    for the parole determination in that
                    individual's case. Richardson has not
                    provided any such evidence of
                    disadvantage as a result of the 1996
                    Amendments.

423 F.3d at 292-293 (footnotes omitted).


     The petitioner here has presented no basis other than
the language of the amendments to support his contentions.
On the other hand, the respondents' declaration (Doc. 19)
demonstrates a board member's representation on behalf of
the entire Board that the amendments gave expression to a
public safety factor and consideration that was always
present and that did not acquire greater weight in parole
decisions in 1996.  Also, the petitioner as a parolee had
demonstrated in a very material way that he was not
successful in complying with the law as a parolee.  He was
on parole when he committed serious offenses resulting in
his 1980 conviction.

The petitioner's assertion of a retaliatory decision by the Parole Board was not exhausted in state court by the petitioner and should be denied on that basis.

It is recommended that, following *Richardson*, which is materially the same as this case, the petition for a writ of habeas corpus be denied as to the *ex post facto* claim on the merits.  It is recommended that the petitioner's retaliation claim be dismissed since it has not been exhausted in state court.  It is accordingly also recommended that the motions to stay and for an evidentiary hearing be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  November 17, 2006.

6