IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT S. BARNHART, II,** | : | CIVIL ACTION NO. 1:06-CV-1404 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JAMES L. GRACE**, et al., | : | |
| | : | |
| Respondents | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to multiple offenses in the Court of Common Pleas of Dauphin County and was sentenced to consecutive terms of imprisonment of ten to twenty years and three to ten years. The Parole Board ("Board") denied petitioner parole five times prior to his hearing on August 1, 2005. At this most recent hearing, the Board again denied petitioner parole and set the next review date more than seven years later, in December of 2012. In his habeas corpus petition, petitioner claims that the Board denied him parole based upon retaliation and vindictiveness in contravention of his due process and equal protection rights under the Fifth and Fourteenth Amendments. Petitioner also claims an *ex post facto* violation, averring that the Board improperly applied the 1996 Amendment to the Pennsylvania Parole Act[1] ("1996 Amendment") in denying his parole.

---

[1] See 42 PA. CONS. STAT. ANN. § 9718.1.

The magistrate judge filed a report recommending that the petition for writ of habeas corpus be denied on the merits as to the *ex post facto* claim. (Doc. 25.) The magistrate judge also recommended that petitioner's retaliation claim be dismissed because it had not been exhausted in state court. The magistrate judge concluded by recommending that petitioner's pending motions for stay (Doc. 4) and for an evidentiary hearing (Doc. 5) be denied.[2] Petitioner filed objections (Doc. 28) to the report and recommendation and filed a motion (Doc. 29) to amend the habeas corpus petition.[3] After an independent review of the record,[4] the court will adopt in part and reject in part the magistrate judge's report and recommendation.

A.   **Retaliation Claim**

In the matter *sub judice*, petitioner acknowledges that he has not exhausted state remedies as to his claim that the Board unconstitutionally denied his parole

---

[2] Given the court's decision to remand this case to the magistrate judge for further proceedings regarding petitioner's retaliation claim, the court will deny the motion for an evidentiary hearing (Doc. 5) without prejudice.

[3] Petitioner seeks to amend his habeas corpus petition to illustrate the fact that his *ex post facto* claim has now been exhausted. (Doc. 29-1.) Petitioner includes an order, dated November 22, 2006, from the Pennsylvania Supreme Court affirming the dismissal of his *ex post facto* claim. (Doc. 29-2.) Because the court agrees with the magistrate judge's recommendation regarding the merits of the *ex post facto* claim, petitioner's motion (Doc. 29) will be denied as moot. Petitioner's motion for stay (Doc. 4) will also be denied as moot because the state supreme court has ruled on the *ex post facto* claim.

[4] The court must conduct a *de novo* review of the portions of the report and recommendation to which a party objects. See 28 U.S.C. § 636(b); see also Mathews v. Weber, 423 U.S. 261, 271-72 (1976); Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987).

based on factors of vindictiveness and retaliation.  (See Doc. 2 at 1.)  In recommending that the retaliation claim be dismissed, the magistrate judge found that "[e]xhaustion is required even where it would be likely to be futile to present the claim to the Pennsylvania Supreme Court."  (Doc. 25 (citing Parker v. Kelchner, 429 F.3d 58 (3d Cir. 2005))); see also 28 U.S.C. 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . .").  Despite failing to exhaust the retaliation claim in state court, petitioner is entitled to a review in this court to address the merits of the retaliation claim.  See DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005) (holding that claims of constitutional violations in the denial of parole, with the exception of *ex post facto* claims, need not be exhausted in state court); see also Watkins v. Shannon, No. 3:06-CV-1028, 2006 U.S. Dist. LEXIS 75268, at *4 (2006) (interpreting Defoy broadly to include all claims of constitutional violations except *ex post facto* claims).  Accordingly, the court will sustain petitioner's objection and reject the report and recommendation with respect to this issue.

**B.**     ***Ex Post Facto* Claim**

The magistrate judge, finding that petitioner's case was not materially distinguishable from the petitioner's case in Richardson v. Pa. Bd. of Prob. & Parole, 423 F.3d 282 (3d Cir. 2005), concluded that the petitioner failed to produce evidence that the 1996 Amendment created "a significant risk of increasing his punishment."  Garner v. Jones, 529 U.S. 244, 255 (2000).  The court agrees with the

3

magistrate judge on this issue and finds that the petitioner has not demonstrated that the Board used criteria from the 1996 Amendment in evaluating petitioner for release or that the applicable criteria created a real risk of increasing the measure of petitioner's punishment. See Shaffer v. Meyers, 163 F. App'x 111, 113 (3d Cir. 2006) ("[A petitioner] must show not only that there has been a change in law or policy which has been given retrospective effect[,] but also that its retrospective application to him created a real risk of increasing the measure of his punishment."); Brown v. Williams, No. 4:06-CV-0851, 2006 WL 1896166, at *4 (M.D. Pa. Jul. 7, 2006) (same); see also Mickens-Thomas v. Vaughn, 321 F.3d 374, 384 (3d Cir. 2003) (stating that, for *ex post facto* challenges, the petitioner must demonstrate that the law in question "disadvantages the offender affected by it").

### C.   Conclusion

The court will deny petitioner's *ex post facto* claim.  See Richardson v. Pa. Bd. of Prob. and Parole, 423 F.3d 282, 291-93 (3d. Cir. 2005) ("[I]t is not sufficient for a prisoner to show that the Board relied on a new law or policy . . . . [H]e must also adduce some evidence that this new law or policy disadvantaged him by creating a 'a significant risk of increasing his punishment.'" (citation omitted)). The court will

deny petitioner's motion for stay (Doc. 4) and motion to amend the habeas corpus petition (Doc. 29) as moot.  The court will remand petitioner's retaliation claim to the magistrate judge for a determination on the merits.  An appropriate order will issue.

                                                         S/ Christopher C. Conner
                                                        CHRISTOPHER C. CONNER
                                                        United States District Judge

Dated:       February 13, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT S. BARNHART, II,** | : | **CIVIL ACTION NO. 1:06-CV-1404** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **JAMES L. GRACE, et al.,** | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 13th day of February, 2007, upon consideration of the report and recommendation of the magistrate judge (Doc. 25), the motion for stay (Doc. 4), and the motion to amend the habeas corpus petition (Doc. 29), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the report and recommendation of the magistrate judge (Doc. 25) is ADOPTED in part and REJECTED in part as follows:

1. The report and recommendation of the magistrate judge (Doc. 25) is ADOPTED with respect to petitioner's *ex post facto* claim. Petitioner's *ex post facto* claim is DENIED.

2. The report and recommendation of the magistrate judge (Doc. 25) is REJECTED with respect to the retaliation claim.

3. The motion for stay (Doc. 4) is DENIED as moot.

4. The motion to amend (Doc. 29) the habeas corpus petition is DENIED as moot.

5. The motion for an evidentiary hearing (Doc. 5) is DENIED without prejudice.

6. The above-captioned case is REMANDED to the magistrate judge for further proceedings consistent with this order and the accompanying memorandum.

                                                  S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge