UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT S. BARNHART, II, | : | CIVIL NO. **1:06-CV-1404** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| | : | |
| JAMES L. GRACE, *et al.*, | : | |
| | : | |
| Respondents | : | |

### REPORT AND RECOMMENDATION

On July 17, 2006, the petitioner, a state prisoner
proceeding *pro se,* filed a petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254.

The petitioner pleaded guilty in the Court of
Common Pleas of Dauphin County to rape and aggravated
assault, and in 1980 he was sentenced to consecutive terms
of imprisonment of ten to twenty years and three to ten
years. *Doc. 1 at ¶¶1-6.*

The petitioner claims that the Pennsylvania Board
of Probation and Parole (Board) violated the *Ex Post Facto*
Clause in connection with its most recent - 2005 - denial
of parole.  The petitioner also claims that by setting his

next parole review date in 2012 the Board acted in

retaliation or out of vindictiveness for his legal

challenge to the Board's earlier 2002 parole decision.


By a Report and Recommendation dated November 17,

2006, the undersigned recommended that the petitioner's *ex*

*post facto* claim be denied on the merits and that the

plaintiff's retaliation claim be dismissed on the basis

that the petitioner failed to exhaust that claim in state

court.  By a Memorandum and Order dated February 13, 2007,

Judge Conner adopted in part and rejected in part that

Report and Recommendation.  Judge Conner denied the

petitioner's *ex post facto* claim, but he remanded the

retaliation claim to the undersigned for a determination

on the merits.


By an Order dated March 7, 2007, the petitioner's

motion for a hearing was granted and a hearing on the

petitioner's retaliation claim was scheduled for March 30,

2007.  Subsequently counsel was appointed to represent the

petitioner and the hearing was continued.  The hearing

took place on June 13, 2007.

At the hearing, Catherine McVey, the Chairman of the Board, testified.  McVey testified that in July of 2005 she was one of the members of the Board voting on the petitioner's parole.  McVey testified about the petitioner's parole history and about the materials she reviewed from the petitioner's file before voting in the petitioner's case in 2005.  She testified that 2005 was the first time she had reviewed the petitioner's case. She testified as to a number of indications in the petitioner's file, including circumstances surrounding the petitioner's offense and statements that were made by the petitioner, which caused her to conclude that the petitioner posed a serious risk to public safety.   She also testified that a prisoner's parole file is kept separate from any litigation file regarding the prisoner. She testified that the Board decision makers don't know if litigation is occurring and that the petitioner's Commonwealth Court case was not a factor in his parole denial.

The petitioner testified at the hearing.  He testified about his background, his correctional and therapeutic history and his numerous parole interviews and parole denials.  He testified about his litigation

3

following the 2002 Board decision, which litigation was
unsuccessful.  He testified about his 2005 parole
interview.  He testified that the 2005 parole interview
was the first time that he really took the interviewers
through from the beginning what he had done and why he had
done it.  He testified that it was the first time that he
really bared his soul.  He testified that at the interview
he talked about some bad behaviors that he learned when he
was young and he testified that some of the things that he
told the interviewers may have shook them a little.  The
petitioner testified that he was not asked about his
appeal of the 2002 decision at the 2005 interview but that
he brought the issue up on his own.  He testified that the
interviewers said that they were aware of his appeal.  The
petitioner testified that he is aware that he can apply
for a parole review annually.

    At the hearing, George Koontz, the Director of Case
Management of the Board, testified.  He testified that
parole files and litigation files are kept separate and
are never mingled.  He testified that litigation files are
maintained in the Office of Chief Counsel.

The petitioner contends that the Board's decision in 2005 to impose a longer set back date, i.e. period until the next scheduled parole review, than it had in past[1] was done because of vindictiveness based on his appeal of the Board's 2002 decision.  The petitioner relies on the presumption of vindictiveness derived from *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969).

"Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Pearce*, *supra,* 395 U.S. at 725.  "And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Id.*

---

[1] In the Board's 1996 decision, it imposed a set back date of April of 1998.  In the Board's 1998 decision, it imposed a set back date of October 1999.  In the Board's 1999 decision, it imposed a set back date of April 2001.  In the Board's 2001 decision, it imposed a set back date of April 2002.  In the Board's 2002 decision, it imposed as set back date of April of 2005.  In the Board's 2005 decision, it imposed as set back date of December of 2012.

(footnote omitted).  In order to assure the absence of a
vindictive or retaliatory motivation, "whenever a judge
imposes a more severe sentence upon a defendant after a
new trial, the reasons for his doing so must affirmatively
appear." *Id.* at 726.  "Otherwise, a presumption arises
that a greater sentence has been imposed for a vindictive
purpose . . . ." *Alabama v. Smith,* 490 U.S. 794, 798-99
(1989).   The presumption of vindictiveness may be
overcome by objective information justifying the increased
sentence. *Texas v. McCullough,* 475 U.S. 134, 142 (1986).

     "Beyond doubt, vindictiveness of a sentencing judge
is the evil the Court sought to prevent rather than simply
enlarged sentences after a new trial." *Id.* at 138.  Thus,
the presumption of vindictiveness derived from *Pearce* does
not apply in every case where a defendant receives a
higher sentence on retrial. *Smith, supra,* 490 U.S. at 799.
Rather, "[b]ecause the *Pearce* presumption 'may operate in
the absence of any proof of an improper motive and thus .
. . block a legitimate response to criminal conduct,'" the
Court "has limited its application . . . to circumstances
'where its objectives are thought most efficaciously
served.'" *Id.* (quoting *United States v. Goodwin,* 457 U.S.

368, 373 (1982) and *McCullough, supra,* 475 U.S. at 138).
"Such circumstances are those in which there is a
'reasonable likelihood' . . . that the increase in
sentence is the product of actual vindictiveness on the
part of the sentencing authority." *Id.* (quoting *Goodwin,*
*supra,* 457 U.S. at 373).  "Where there is no such
reasonable likelihood, the burden remains upon the
defendant to prove actual vindictiveness." *Id.*


     A number of courts, including the United States
Court of Appeals for the Third Circuit, have applied the
presumption of vindictiveness derived from *Pearce* in the
parole context. *See Marshal v. Lansing*, 839 F.2d 933, 947
(3d Cir. 1988)(stating that "[j]ust as a sentencing judge
might resent a challenge to an underlying conviction which
he himself had overseen, so too might the [Parole]
Commission look unkindly upon a successful court challenge
to its rating of a prisoner's offense severity, thus
supplying the motive for retaliation.").  *See also Bono v.*
*Benov*, 197 F.3d 409 (9th Cir. 1999)(applying *Pearce*
presumption of vindictiveness and affirming grant of writ
of habeas corpus on the basis that the United States
Parole Commission acted with presumed vindictiveness in

changing prisoner's presumptive parole date from July 17,

1997 to July 17, 2009); *Hammond v. District of Columbia*

*Board of Parole,* 756 A.2d 896 (D.C. 2000)(applying *Pearce*

presumption of vindictiveness in case where D.C. Parole

Board imposed a longer set off following prisoner's

successful challenge to the Board's initial parole

revocation order).

     The facts of this case provide no basis for a

presumption of vindictiveness.  In contrast to those cases

where a presumption of vindictiveness has been applied, in

the instant case the petitioner was not successful in his

earlier challenge to the Board's actions.  Although the

petitioner challenged the Board's 2002 parole decision he

was not successful in that challenge.  The 2005 decision

of the Board was based on its review of the petitioner's

case pursuant to its normal procedures.  The Commission

was not ordered to or required to review the petitioner's

parole in 2005 based on the petitioner's challenge to the

2002 decision.  Thus, unlike a judge who has been

reversed, the Board had no motivation to engage in self-

vindication.  Accordingly, there is not a reasonable

likelihood that the 2005 decision was the product of

vindictiveness on the part of the Commission.  Thus, no presumption of vindictiveness applies in this case.  *See Kindred v. Spears*, 894 F.2d 1477, 1480 (5th Cir. 1990)("As a matter of logic, vindictiveness becomes a danger only where an event prods the sentencing court into a posture of self-vindication.  Absent a triggering event, the court will not presume vindictiveness.").

Since there is no presumption of vindictiveness, the petitioner can prevail only if he establishes actual vindictiveness or retaliation on the part of the Board. This the petitioner has failed to do.

The petitioner contends that vindictiveness is a reasonable inference to draw from the Board's setting of a seven year set back date in 2005 because the only thing different from the time of the 2002 decision to the time of the 2005 decision was his litigation challenging the 2002 decision.  However, there were other differences as well.

First, there was a difference in the composition of the panel of the Board that decided the petitioner's case.

9

McVey testified that in 2005 she was one of the members of
the Board voting on the petitioner's parole decision.  She
testified that 2005 was the first time she had reviewed
the petitioner's case.  She testified as to a number of
indications in the petitioner's file, including
circumstances surrounding the petitioner's offense and
statements that were made by the petitioner, which caused
her to conclude that the petitioner posed a serious risk
to public safety.

     Second, there was a difference in the information
that was before the Board in 2005.  The petitioner himself
testified that the 2005 parole interview was the first
time that he really took the interviewers through from the
beginning what he had done and why he had done it.  He
testified that it was the first time that he really bared
his soul.  He testified that at the interview he talked
about some bad behaviors that he learned when he was young
and he testified that some of the things that he told the
interviewers may have shook them a little.

     The difference in the membership of the Board panel
and the difference in the information before the Board in
2005 reasonably account for the Board's decision to set

                              10

the next parole hearing in or after December of 2012.
The petitioner has not established that the Board's
decision was based on vindictiveness or retaliation for
his litigation surrounding the 2002 decision.
Accordingly, it will be recommended that the petitioner's
vindictiveness or retaliation claim be denied.


     Based on the foregoing, it is recommended that the
petitioner's vindictiveness or retaliation claim be denied
and that the case file be closed.


                                                       **_/s/ J. Andrew Smyser_**
                                                       J. Andrew Smyser
                                                       Magistrate Judge

Dated:   June 18, 2007.