IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT S. BARNHART, II,** | : | **CIVIL ACTION NO. 1:06-CV-1404** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **JAMES L. GRACE, et al.,** | : | |
| Respondents | : | |

### ORDER

AND NOW, this 11th day of September, 2007, upon consideration of the report and recommendation of the magistrate judge (Doc. 56), to which objections were filed (Doc. 60), recommending denial of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and it appearing that the petition avers that the 2005 decision of the Pennsylvania Board of Probation and Parole ("the Board") to schedule petitioner's parole review one year prior to his maximum sentence date was vindictive and in retaliation for petitioner's appeal from the Board's 2002 decision to deny his parole (see Doc. 1), that a presumption of vindictiveness may apply to those parole decisions that do not indicate *any rationale* for an increase in a sentence, see Marshall v. Lansing, 839 F.2d 933, 948 (3d Cir. 1988) (emphasizing that when the parole board, *without explanation*, added two months to a sentence after the prisoner successfully appealed an unrelated parole decision, the addition of the extra months constituted a presumption of vindictiveness), and that the United States Supreme Court has stated that a presumption of vindictiveness shall apply only when "there is a 'reasonable likelihood' . . . that the increase in sentence is the product of actual vindictiveness on the part of the sentencing

authority," Alabama v. Smith, 490 U.S. 794, 799 (1989) (quoting United States v. Goodwin, 457 U.S. 368, 373 (1982)), and the court finding that the Board's 2005 decision does not give rise to a presumption of vindictiveness because petitioner's 2002 appeal was unsuccessful, the Board's 2002 decision was not reversed, and the Board's decision not to grant parole and to set the next parole review date one year prior to petitioner's maximum sentence date was based upon information obtained for the first time during the 2005 hearing[1] and made pursuant to normal review procedures, and the court further finding that petitioner has not established that the Board's 2005 decision was actually vindictive because the record does not reflect any evidence of actual vindictiveness,[2] it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 56) is ADOPTED.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED.

---

[1] Petitioner contends that the information available to the Board in 2005 was the same as the information available to the Board in 2002. (Doc. 61 at 12.) However, petitioner testified that the parole hearing in 2005 was "the first time that [the Board] actually took [him] through from the beginning why [he] did what [he] did" and that he was "sure that some of the things [he] told them or discussed with them maybe shook them a little bit." (Doc. 59 at 74, 77.)

[2] In reaching its conclusion that petitioner has not presented any evidence to prove a claim of actual vindictiveness, the court relies upon Rule 6(a) of the rules governing 28 U.S.C. § 2254. In the case at hand, petitioner requests discovery to prove actual vindictiveness. Because petitioner's request is based upon mere allegations of bias, the court is not permitted to grant the discovery request. According to Rule 6(a), a party is not automatically entitled to discovery and only upon a showing of good cause may a judge grant discovery. RULE 6(A) OF THE RULES GOVERNING SECTION 2254 CASES; see Levi v. Holt 192 F. App'x 158, 162 (3d Cir. 2006) (noting that an unsupported allegation of bias does not demonstrate good cause for discovery).

3. A certificate of appealability is DENIED. <u>See</u> 28 U.S.C. § 2253.

4. The Clerk of Court is directed to CLOSE this case.


      <u>S/ Christopher C. Conner</u>
      CHRISTOPHER C. CONNER
      United States District Judge